cumstances in evidence which seem to afford any material corroboration to either of these witnesses, and the court below, who saw the witnesses and heard them testify, having for reasons satisfactory to himself, seen fit to believe the defendants' witness in preference to the plaintiffs', it is impossible for this court to say that he was not warranted in so doing. Opinion by BAILEY, P. J. Judge below, RICHARD PRENDERGAST. Attorneys, for appellants, Messrs. McCLELLAN & CUMMINS; for appellee, Mr. ALVA A. KNIGHT. Opinion filed Feb. 23, 1886.

No. 24—2293. George W. Cothran et al. v. George H. Harlow. This was an action of assumpsit brought by George H. Harlow against George W. Cothran and Jennie W. Cothran, the declaration consisting only of the common money counts. At the trial, which was had before the court, a jury being waived, the plaintiff dismissed his suit as to said Jennie W. Cothran. No propositions were submitted to the court to be held as the law in the decision of the case, but the court, after hearing the evidence, found the issues for the plaintiff, and assessed his damages against defendant, George W. Cothran, at $7,000, and for that sum and costs the plaintiff had judgment. Affirmed. Opinion PER CURIAM. Judge below, ELLIOTT ANTHONY. Attorneys, for plaintiff in error, Mr. JNO. JEWETT; for defendant in error, Mr. R. A. CHILDS. Opinion filed March 31, 1886.

No. 6—2166. Barnum Blake v. David T. Miller. The only error assigned is, that the court proceeded to the trial of the cause and gave judgment without a replication to the special plea. It does not appear from the certificate of the clerk, that the transcript is a perfect and complete copy of the record. There appears indorsed upon the writ of error, a statement by the clerk that, as his return to said writ, he attached thereto a certified copy of the record and proceedings in the cause, but on examining the clerk's certificate to the document attached, the court finds that it entirely fails to certify that the papers to which it refers, constitute the whole or any part of the record in this cause. The court is not informed and can not judicially know from such certificate that there may not have been a proper replication on file at the date of the trial, and that such replication may not be

now among the files. In the absence of anything in the record conclusively showing the contrary, the recital in the judgment order that the issues were then joined must prevail, and it must accordingly be assumed as a fact affirmatively shown by the record, that a replication had been filed. Opinion by BAILEY, P. J. Judge below, ELLIOTT ANTHONY. Attorneys, for plaintiff in error, Mr. ROBERT HERVEY ; for defendant in error, Mr JAMES FRAKE. Opinion filed March 31, 1886.

No. 12—2271. Cornelia J. Chadwick et al. v. Alvina C. McKee. An action of trespass for breaking and entering the plaintiff's dwelling house, and also for taking and carrying away divers goods and chattels belonging to the plaintiff. At the trial before the court and a jury, defendants Cornelia J. Chadwick and Loren Chadwick only were convicted, and the plaintiff's damages were assessed against them at $5,000. For this sum and costs the plaintiff had judgment. The court is of the opinion that the damages are clearly and largely excessive. Most of the damages awarded are manifestly punitive, as it would be difficult, upon any reasonable view of the evidence, to estimate the plaintiff's actual or compensatory damages at more than one tenth of the sum given by the jury, and there is very little, if any basis in the evidence for the imposition of punitive damages, at least as against Cornelia J. Chadwick. While in cases of this character, the measure of damage is, to a certain extent, within the discretion of the jury, yet it is the duty of the court to see that the verdict is not oppressive, and that it is the clear and deliberate judgment of the jury, uninfluenced by any improper motives : Lockwood v. Onion, 56 Ill. 512. Opinion PER CURIAM. Judge below, JOSEPH E. GARY. Attorneys, for plaintiffs in error, Messrs. McCoy, POPE & McCoy ; for defendant in error, Mr. W. S. HARBERT and Mr. W. P. BLACK. Opinion filed March 31, 1886.

No. 156—2270. The Louisville, New Albany & Chicago Ry. Co. v. Robert M. Cherrie et al. This is an appeal from a judgment for $748.43, obtained in the court below by appellees, Cherrie & Co., against appellant, for commissions claimed to have been earned in the purchase of railroad materials. There is no pretense that appellant, the defendant below, ever employed Cherrie & Co., the plaintiffs, to make